UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUIS G. DIVINCENTI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-9513** |
| **NETFLIX, INC., ET AL.** | **SECTION D (5)** |

## ORDER

Before the Court is plaintiff Louis DiVincenti's Motion to Remand this matter to state court.[1] Defendants Feel Good Films, L.L.C., the Dirt Pictures, L.L.C., LBI Films L.L.C., Netflix, Inc., Focus Features, L.L.C., AK Productions, L.L.C., Cast & Crew, L.L.C., Rice Gorton Pictures, Ltd., Julie Yorn, Erik Olsen, Allen Kovac, Rick Yorn, Chris Nilsson, Steve Kline, Ben Ormand, Ron Tansingco, and Andrew Martin ("Defendants") have also filed a related Motion for Review and Reversal of Magistrate Judge's Order.[2] Because the Magistrate Judge's Order allowing Plaintiff to file an Amended Complaint with allegations against non-diverse defendants was not erroneous, the Court denies Defendants' motion for review and reversal. The Court further grants Plaintiff's Motion to Remand.

---

[1] R. Doc. 22.
[2] R. Doc. 60.

I.  **FACTUAL BACKGROUND**

This case arises from an injury on a movie set. Plaintiff's Complaint contains the following factual allegations. Plaintiff Louis DiVincenti, a resident of Louisiana, worked as a rigging grip on the set of *The Dirt*, a film described as a "biographical musical drama about the glam metal band Motley Crue."[3] As a rigging grip, Plaintiff set up and disassembled green screens and light fixtures.[4] On March 10, 2018, Plaintiff was part of a rigging crew working on set at the Munch Factory in New Orleans.[5] As he was working with metal pipes attached to a green screen, a metal pipe hit an exposed wire and electrocuted Plaintiff.[6] DiVincenti alleges that he suffered severe injuries, including burns to over fifty-percent of his body, and is still undergoing treatment.[7]

On March 1, 2019, nearly a year after the incident, DiVincenti brought suit in state court against twenty-eight defendants.[8] Only one of these defendants, Celtic Media Centre, L.L.C., was a Louisiana resident.[9] Defendants removed this matter to federal court, arguing that Celtic Media was improperly joined, and therefore complete diversity existed.[10] Plaintiff then moved for leave to file an Amended Complaint.[11] The proposed Amended Complaint added five new defendants: Dana Hanby, Locations Solutions, Haluk Dogru, the Munch Factory, and Entergy

---

[3] R. Doc. 1-4 at 8-9 ¶¶ 36-37.
[4] *Id.* at 9 ¶ 37.
[5] *Id.* at 9 ¶¶ 39-41.
[6] *Id.* at 10 ¶ 44.
[7] *Id.* at 10 ¶ 44.
[8] *See generally* R. Doc. 1-4.
[9] R. Doc. 1-4 at 4 ¶ 12.
[10] R. Doc. 1.
[11] R. Doc. 16.

(collectively, "New Defendants").[12] The proposed Amended Complaint would destroy diversity regardless of whether Celtic Media Centre was in the suit.

The Motion for Leave to File an Amended Complaint was referred to Magistrate Judge Michael North. Thereafter, Defendants filed an Opposition to the Motion for Leave to File an Amended Complaint.[13] In their Opposition, Defendants argued that because the Amended Complaint destroyed diversity, the factors laid out by the Fifth Circuit in *Hensgens v. Deere & Co.*[14] militated against allowing leave. Judge North held oral argument on the Motion for Leave[15] and, following oral argument, allowed Defendants to file an additional brief. In their additional brief,[16] Defendants further argued that the third *Hensgens* factor weighed in favor of denying leave to file the Amended Complaint as Plaintiff had not argued that the Defendants named in the original Complaint were insolvent and thus Plaintiff can obtain complete relief from the existing Defendants.

Judge North granted the Motion for Leave to File an Amended Complaint.[17] In his Order, Judge North determined that the balance of the *Hensgens* factors weighed in favor of allowing the amendment. He further specifically found that the principal purpose of the Amended Complaint was not to destroy diversity, as the Amended Complaint stated facially valid claims against the New Defendants. He also found that Plaintiff was not dilatory in seeking leave to file the Amended

---

[12] *See* R. Doc. 16-2.
[13] R. Doc. 32.
[14] 869 F.3d 879 (5th Cir. 1989).
[15] R. Doc. 36.
[16] R. Doc. 38.
[17] R. Doc. 39.

Complaint, particularly as no scheduling order was in place. Finally, Judge North found that given the colorable claims the Amended Complaint stated against the New Defendants, it would be possible, if not likely, that Plaintiff "would be significantly injured in the amendment were not allowed."[18]

Defendants now seek review and reversal of the Magistrate Judge's Order.[19] Defendants argue that the Magistrate Judge's Order should be reviewed *de novo* as he misapplied the *Hensgens* factors. They further contend that each of the *Hensgens* factors weighs against allowing the Amended Complaint in large part because the intent of the Amended Complaint was to destroy diversity, as evidenced by the fact Plaintiff knew of the existence of the New Defendants when he filed his state-court Complaint and chose not to include those New Defendants and further by the fact that Plaintiff had filed a Motion to Remand following the filing of his Motion for Leave to File an Amended Complaint. Defendants further argue that the proposed additional claims in the Amended Complaint are meritless and the Defendants named in the original Complaint could satisfy any judgment. Plaintiff opposes Defendants' Motion,[20] arguing that Magistrate Judge North correctly applied the *Hensgens* factors because Plaintiff states viable claims against the New Defendants and Plaintiff would be harmed by being disallowed to amend his Complaint. Defendants have filed a Reply[21] in which they reiterate their argument that the Magistrate Judge's decision was contrary to the law because it ignored Defendants'

---

[18] *Id.*
[19] R. Doc. 60.
[20] R. Doc. 78.
[21] R. Doc. 84.

interest in a federal forum and because Plaintiff's claims against the New Defendants were not colorable.

Following his Motion for Leave to an File Amended Complaint, Plaintiff also filed a Motion to Remand this matter to state court, in which he argued that Celtic Media was properly joined and that the Amended Complaint was proper and would divest this Court of diversity jurisdiction.[22] Defendants oppose the Motion to Remand,[23] contending that Plaintiff has no reasonable possibility of recovery against Celtic Media as Celtic Media did not employ any Defendant, that Celtic Media did not itself harm Plaintiff, and that Celtic Media was immune from suit. Defendants also incorporate the arguments in their Opposition to Plaintiff's Motion for Leave to File an Amended Complaint. Plaintiff filed a Reply[24] after Magistrate Judge North granted leave to file Plaintiff's Amended Complaint, in which it argued that in light of Judge North's Order, the New Defendants destroyed diversity and the case should be remanded.

## II. LEGAL STANDARD

"A decision by a magistrate judge on a motion for leave to amend and add parties is a non-dispositive matter."[25] Federal law provides that a magistrate judge may consider such a motion, and that "[a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is

---

[22] R. Doc. 22.
[23] R. Doc. 42.
[24] R. Doc. 73.
[25] *Floyd v. Wal-Mart La., LLC*, No. 09-01486, 2010 WL 2710649, at *1 (W.D. La. July 7, 2010)

clearly erroneous or contrary to the law."[26] The Court shall review the Magistrate Judge's legal conclusions *de novo*, and shall review the Magistrate Judge's factual findings for clear error.[27]

### III. ANALYSIS

When a plaintiff's amended complaint adds new nondiverse parties to a removed case, the Court must "scrutinize" the amended pleading "more closely than an ordinary amendment."[28] In order to determine whether to allow such an amended pleading, the Court considers the factors enumerated by the Fifth Circuit in *Hensgens v. Deere & Co.*[29] These factors are: (1) the extent to which the purpose of the amendment is to defeat jurisdiction; (2) whether Plaintiff has been dilatory in asking for amendment; (3) whether Plaintiff will be significantly injured if amendment is not allowed; and (4) any other factor bearing on the equities.[30] The Court examines each factor in turn.

#### A. Purpose of the Amended Complaint

The Court first considers whether Plaintiff's purpose in amending his Complaint was to destroy diversity. Defendants argue that this was clearly Plaintiff's intent, as he initially chose to file suit in state court and, following the Motion for Leave to File an Amended Complaint, he filed a Motion to Remand. Defendants further contend that Plaintiff can state no claim against the New Defendants.

---

[26] 28 U.S.C. § 636(b)(1).
[27] *See Floyd*, 2010 WL 2710649, at *1 (citing *Choate v. State Farm Lloyds*, No. 03-cv-2111, 2005 WL 1109432, at *1 (N.D. Tex. May 5, 2005)).
[28] *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).
[29] 833 F.2d 1179, 1182 (5th Cir. 1987).
[30] *Id.*

In examining this factor, the Court first examines the timing of the Amended Complaint.  The original Complaint was filed a few days before the applicable statute of limitations, and included a party listed as "Unknown Corporations A-Z"[31] which demonstrated that Plaintiff intended to add parties to his Complaint.  Plaintiff was up against a tight deadline given Louisiana's short statute of limitations for delictual actions,[32] and seemingly intended to amend his Complaint at a later date to include new parties.  Defendants contend that Plaintiff easily could have identified the New Defendants at the time that he filed his original Complaint either by consideration of the location of the incident or through review of the OSHA forms used to identify other defendants.  Notably, it seems conceded at oral argument that Location Solutions LLC, one of the New Defendants, was not identifiable from the OSHA forms used to identify other defendants and could only be learned of through additional investigation.[33]

Additionally, "case law indicates that as long as the plaintiff states a valid claim against the new defendant, the principal purpose is not to destroy diversity jurisdiction."[34]  Because Defendants do not allege fraud in the pleadings, the test the Court considers for whether Plaintiff states valid claims is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis

---

[31] R. Doc. 1-4 at 7 ¶ 29; *see also* R. Doc. 16-1.
[32] *See* La. Civ. Code art 3492 ("Delictual actions are subject to a liberative prescription of one year.").
[33] *See* R. Doc. 153 (Transcript).
[34] *Valenti v. Coburn Supply Co.*, 19-571, 2020 WL 4679544, at *2 (M.D. La. July 28, 2020) (citing *McIntosh v. Costco Wholesale Corp.*, No. 18-9825, 2019 WL 3306532, at *2 (E.D. La. July 23, 2019)).

for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[35] Here, the Magistrate Judge stated that "the proposed amended complaint on its face states valid claims against the new Defendants."[36] The Court agrees. Plaintiff's allegations against the New Defendants are no less specific or detailed than his allegations against the Defendants named in the original Complaint. As a representative example, Plaintiff alleges that Defendant Dana Hanby is liable in both her personal and representative capacity as a location hazard assessor and locations manager for failing to exercise reasonable care in assessing the location for the screening of *The Dirt*.[37] Defendants contend that Plaintiff cannot maintain a claim against Hanby because she was acting within the scope of employment, so only her employer is liable. But Plaintiff also sues Hanby in her *personal* capacity. Moreover, employees are liable *in addition to* not simply *instead of* their employers.[38] In light of these facts, the Court cannot find that Plaintiff has "no reasonable basis" for recovery against Hanby.

Because not all of the New Defendants were readily identifiable prior to the filing of the original Complaint, and because the Court agrees with the Magistrate Judge's analysis that the Amended Complaint states facially valid claims, this factor weighs in favor of allowing the Amended Complaint.

---

[35] *Valenti*, 2020 WL 4679544, at *2 (citing *Johnson v. Packaging Corp. Of Am.*, No. 18-613, 2019 WL 1271053, at *9 (M.D. La. Feb. 27, 2019)).
[36] R. Doc. 39.
[37] *See* R. Doc. 40 at 5 ¶ 12.
[38] *See Louisiana Practice Series, Louisiana Employment Law* § 14.3, Vicarious Liability Under Respondeat Superior Theory ("It is more accurate to describe vicarious liability as liability in addition to the liability of the employee who always remains personally liable for his tort.").

### B. Timing of the Amended Complaint

The next factor asks whether Plaintiff was dilatory in filing his Motion for Leave to Amend his Complaint. The Court notes that Plaintiff filed his Motion only ten weeks after his original Complaint was filed.[39] Courts have found longer delays still to be timely when considering the *Hensgens* factors.[40] The Court also notes that at the time Plaintiff moved for leave to file his Amended Complaint, the Court had not yet issued a Scheduling Order, and little other activity had occurred in this case,[41] factors other courts have considered when determining whether a plaintiff was dilatory.[42] Because Plaintiff was not dilatory in moving for leave to file an Amended Complaint, and because he did so before the Court issued a Scheduling Order, the Court finds this factor weighs in favor of allowing the Amended Complaint.

### C. Injury of Plaintiff and Equities

The Court considers the third prong of the *Hensgens* test—whether Plaintiff will be significantly injured if the Court does not allow the amended—and the fourth prong—any other factor weighing on the equities—together, as they are interrelated.[43] Defendants contend that Plaintiff will not face significant injury if the

---

[39] *See* R. Doc. 16 (filed May 10, 2019).
[40] *See Achord v. Monsanto Co.,* No. 92-3039, 1993 WL 218259 (E.D. La. June 16, 1993) (finding that motion to amend not dilatory when filed six months after complaint filed and little action occurred since case was removed to federal court); *Burton v. Mentor Corp.*, No. 96-2078, 1996 WL 751063 at *2 (E. D. La. Oct. 29, 1996) (finding a motion to amend not dilatory when the case had been pending in federal court for four months).
[41] *See* R. Doc. 114 (Scheduling Order entered on April 3, 2020).
[42] *See, e.g., Herzog v. Johns Manville Prods. Corp.*, No. 02-1110, 2002 WL 31556352, at *2 (E.D. La. Nov. 15, 2002) (noting that "when no trial or pre-trial dates were scheduled and no significant activity beyond the pleading stage had occurred, the Plaintiff was not dilatory in seeking to amend the complaint"); *Bienaime v. Kitzman*, No. 00-284, 2000 WL 381932 at *5 (E.D. La. Apr. 12, 2000) (same).
[43] *See Gaspard One, L.L.C. v. BP Am. Prod. Co.*, No. 07-1551, 2008 WL 4279631, at *6 (W.D. La. Sept. 17, 2008) (finding these two factors to be interrelated).

Amended Complaint is denied because the Defendants that were named in the original Complaint are solvent and therefore Plaintiff can fully recover from them. They also argue Plaintiff will not be harmed if the Amended Complaint cannot be filed as he can pursue parallel litigation against the New Defendants in state court.

Neither of Defendants' argument are persuasive. Although the Defendants named in the initial Complaint may be solvent, Plaintiff's claims here are substantial. Moreover, having found that Plaintiff has facially viable claims against the New Defendants, the Court finds that Plaintiff would be harmed if he could not also include the New Defendants in this litigation. The Court rejects Defendants' argument that Plaintiff can pursue parallel litigation in state court. Cases analyzing this factor often note that requiring a plaintiff to file "a separate suit on the same facts is inefficient and a waste of judicial resources."[44] This may be true in a garden variety case, but it is particularly true where, as here, Plaintiff incurred significant injuries including burns to a large percentage of his body over two years ago and remains in treatment. Forcing this Plaintiff to engage in piecemeal litigation would not only constitute a significant injury, but this factor is also an equitable concern that weighs heavily in favor of allowing Plaintiff to file the Amended Complaint.

Defendants argue that they have an interest in a federal forum given the number of diverse defendants that Plaintiff has sued. But, as other courts have

---

[44] *Herzog*, 2002 WL 31556352, at *2; *see also Carollo v. ACE American Ins. Co.*, No. 18-13330, 2019 WL 5294933, at *6 (E.D. La. Oct. 18, 2019) (noting that when considering this factor "the general approach in the Eastern District has been focused mostly on inefficiency, waste of judicial resources, danger of inconsistent results, and cost to Plaintiffs that results from forcing Plaintiffs to bring a separate suit on a valid claim").

recognized, a plaintiff also has an interest in litigation in the forum of his choice.[45] Defendants' interest in a federal forum is no more compelling than Plaintiff's interest in the forum he initially chose. The Court cannot help but point out that neither party would be significantly inconvenienced since this Court and the state court are only blocks away from each other.

Based on the foregoing analysis, the Court finds that *Hensgens* factors weigh in favor of allowing Plaintiff to file the Amended Complaint, and therefore that the Magistrate Judge did not err in allowing the Amended Complaint. The Court notes that even under a *de novo* review of the *Hensgens* factors, it came to the same conclusion as the Magistrate Judge that an amendment should be allowed.

---

[45] *See Gaspard One, L.L.C.*, 2008 WL 4279631, at *7.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that that Defendant's Motion for Review of Magistrate Judge's Order[46] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand[47] is **GRANTED**.

**IT IS FURTHER ORDERED** that the remaining Motions[48] pending before this Court are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

New Orleans, Louisiana, September 22, 2020.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[46] R. Doc. 60.
[47] R. Doc. 22.
[48] R. Doc. 107; R. Doc. 117; R. Doc. 183; R. Doc. 186; R. Doc. 202; R. Doc. 212; R. Doc. 216.